UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH GARONE, | No. 2:22-cv-2310 KJN P |
| Plaintiff, | |
| v. | ORDER |
| GLADYS MENCIAS, | |
| Defendant. | |

Plaintiff is a county jail inmate prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege facts that demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

In his first claim, plaintiff alleges that on June 8, 2022, while working at his county jail job, plaintiff slipped and fell on a puddle of water leaking from a swamp cooler above plaintiff's work area.  Plaintiff immediately suffered excruciating pain in his right knee and was permitted to report to medical.  However, since the incident, plaintiff has only been provided Tylenol, despite his repeated reports of pain and requests to see an outside doctor.

His second claim arose in the middle of 2022, when plaintiff began having breathing

3

problems and pain in his left nostril.  Upon his inspection, plaintiff noticed white bone visible inside his left nostril.  Plaintiff was permitted to go to medical, where the nurse who saw plaintiff looked at plaintiff's nose with the nurse's naked eye, and told plaintiff the nurse did not see anything wrong.  Plaintiff persuaded the nurse to examine the nostril with a medical instrument; when the nurse finally did so, the nurse agreed it was very unusual and set an appointment for plaintiff to see the jail doctor sometime that week.  Upon examination, the doctor said he had never seen anything like this and would make an appointment for plaintiff to see an outside ENT specialist.  However, several months have passed, and plaintiff has not seen a specialist or been called for check-ups during the interim, unless plaintiff asks for one.  Plaintiff has put in several kites and grievances without success.  Plaintiff's breathing is being affected, he remains in pain, but the Tylenol provided does not help much.  Plaintiff states that he "feel[s] like [he] is being failed by the lead NP Gladys Mencias in not getting the medical attention or treatment [he] should be getting." (ECF No. 1 at 4.)  Plaintiff names Mencias as the sole defendant, and seeks money damages.

Discussion

Because it appears that plaintiff is a pretrial detainee, his claim of inadequate medical care arises under the Fourteenth Amendment and is evaluated under an objective deliberate indifference standard.  See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*)).  The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Id. at 1125 (citing Castro, 833 F.3d at 1071).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular

case.'" Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071 (quoted sources omitted)).

Moreover, a defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. Gordon, 888 F.3d at 1125. "[M]ere malpractice" does not establish a constitutional violation. Id.; see also Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001) (noting that even malpractice does not establish a constitutional violation). Gross negligence can be insufficient to establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070). Also, "a difference in medical opinion does not constitute deliberate indifference." George v. Sonoma Cty. Sheriff's Dep't, 732 F. Supp. 2d 922, 937 (N.D. Cal. 2010) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).

Further, misdiagnosis does not establish a constitutional violation. See DiMarzio v. Jacobs, 162 F. App'x 774, at *1 (9th Cir. 2006) (affirming district court's dismissal of "claims that defendants acted with deliberate indifference by misdiagnosing his ruptured disc"). Instead, "[i]n order for deliberate indifference to be established . . . there must be a purposeful act or failure to act on the part of the defendant and resulting harm." Moore v. Thomas, 653 F. Supp. 2d 984, 1000 (N.D. Cal. 2009) (citing McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). "A difference of medical opinion may amount to deliberate indifference if the prisoner shows that 'the course of treatment was medically unacceptable under the circumstances' and defendants 'chose this course in conscious disregard of an excessive risk to [the prisoner's] health.'" Watson v. Veal, 302 F. App'x 654, 655 (9th Cir. 2008) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

Finally, the delay of, or interference with, medical treatment for a serious medical need, however, can amount to deliberate indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)). The inmate must show harm resulting from the delay. Id.

////

Here, plaintiff includes no specific allegations as to defendant Mencias. However, to the extent plaintiff names defendant Mencias based solely on her supervisorial role, such claims fail. Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). In order to state a claim as to Mencias, plaintiff must allege specific facts showing her personal involvement or connection with facts demonstrating her deliberate indifference. Starr, 652 F.3d at 1208. Plaintiff fails to do so, making only general references to "nurses," or the "nurse." It is unclear whether Mencias was one of the "nurses" who treated plaintiff, whether Mencias was even aware of either incident, or was responsible for scheduling or monitoring plaintiff's appointment with the ENT specialist. It is also unclear whether the delay is a result of deliberate indifference, or whether it is a matter of scheduling difficulties with the specialist's schedule. It is not unusual to encounter delays in seeing specialists. As currently pled, plaintiff's complaint fails to state a cognizable civil rights claim against defendant Mencias.

Conclusion

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp., 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Sacramento County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 9, 2023

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/garo2310.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH GARONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GLADYS MENCIAS,<br><br>　　　　　Defendant. | No.  2:22-cv-2310 KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____　　　　　　　Amended Complaint

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff