UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH GARONE, | No. 2:22-cv-2310 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GLADYS MENCIAS, | |
| Defendant. | |

Plaintiff is a former pretrial detainee proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Defendant Gladys Mencias's fully briefed motion to dismiss is before the Court. As discussed below, the Court recommends that defendant's motion to dismiss be partially granted.

I.       PLAINTIFF'S ALLEGATIONS

In his first amended complaint ("FAC"), plaintiff alleges that on June 8, 2022, while housed at the Rio Cosumnes Correctional Center ("RCCC"), plaintiff slipped and fell on a puddle of water leaking from a swamp cooler over his work area. (ECF No. 8 at 2.) Plaintiff asked to go see medical, but since that time, all he has been provided is Tylenol. Plaintiff is still in constant pain and asked repeatedly to be seen by an outside specialist, but his requests were denied without explanation. Plaintiff states he wrote multiple kites and grievances to defendant Mencias, the lead supervising nurse, explaining the pain and suffering plaintiff was experiencing and the

urgency to be seen by an outside specialist, but defendant never addressed plaintiff's requests. In addition, defendant failed to make sure her medical staff addressed plaintiff's problems and failed to train and supervise her medical staff. (Id. at 2-3.) As a result of defendant's multiple failures, plaintiff's right knee has gotten progressively worse. (Id. at 3.) Plaintiff alleges that medical staff left plaintiff untreated and refused to give plaintiff their names, which plaintiff claims is the result of defendant's improper training and supervision.

In his second claim, plaintiff alleges that in the middle of 2022, he began having a lot of pain in, and had trouble breathing from, his left nostril. (Id.) Plaintiff avers that despite being scheduled for two outside ENT appointments, both appointments were cancelled without notice to plaintiff. Plaintiff alleges that both times the John Doe nurse told plaintiff the appointment was cancelled for "unknown reasons." (Id. at 3-4) The John Doe nurse told plaintiff that defendant is responsible for scheduling outside doctor appointments. Plaintiff believes defendant cancelled the appointments for unknown reasons, despite plaintiff's multiple kites and grievances to defendant explaining about plaintiff's breathing troubles and pain getting worse.

II. BACKGROUND

On April 12, 2023, the Court screened plaintiff's FAC and found that the pleading states potentially cognizable Fourteenth Amendment claims for relief against defendant Gladys Mencias based on her alleged refusal and failure to provide plaintiff medical care on several occasions. (ECF No. 10 at 2.) In addition, plaintiff was advised of difficulties involved when naming Doe defendants in a federal court action. (Id.) At the time plaintiff filed this action, he was a pretrial detainee, and was later transferred to state prison. On October 28, 2024, plaintiff notified the Court that he was recently paroled. (ECF No. 24.)

III. DEFENDANT'S MOTION TO DISMISS

A. Legal Standards Governing Motion to Dismiss

A motion to dismiss brought pursuant to Rule 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In resolving a Rule 12(b)(1) motion, the court may consider evidence outside of

the pleadings. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); see also Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Otherwise, the motion is treated as one for summary judgment. Lee, 250 F.3d at 688. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe pro se pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### B. The Parties' Arguments

#### 1. Defendant's Motion

Defendant contends she is entitled to dismissal under Rule 12(b)(6) because "the complaint is entirely devoid of any specific allegations of wrongdoing by [defendant]." (ECF No. 18-1 at 3.) Defendant argues that plaintiff's allegations that defendant failed to train and supervise her staff, failed to ensure plaintiff be seen by a specialist for either his knee or nose issues, and at times cancelled his appointments without cause are insufficient, without more, to raise any reasonable inference that plaintiff suffered any civil rights violation or that he can recover under some other viable legal theory. (Id.) Defendant points out that plaintiff fails to identify any constitutional right plaintiff contends was violated. Defendant argues that the complaint fails to state a claim upon which relief can be granted.

Further, defendant argues that plaintiff failed to demonstrate this court has subject matter jurisdiction, supporting her motion for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Id.) Defendant contends that because plaintiff fails to identify the constitutional right he claims was violated by defendant, and the allegations as pled are insufficient to demonstrate such violation, the complaint should be dismissed for lack of subject matter jurisdiction. (Id. at 4.)

#### 2. Plaintiff's Opposition

In opposition, plaintiff apologizes for his limited legal resources and knowledge, but contends that does not excuse defendant's lack of professionalism as lead nurse practitioner

supervisor, who oversees the medical care of RCCC inmates who have no control over their medical needs. (ECF No. 20 at 2.) Despite plaintiff writing multiple medical requests and grievances addressed to defendant, she "purposely ignored all requests [plaintiff] made, out of spite due to the multiple grievances [plaintiff] wrote toward[] the defendant." (Id.) Due to this "spite," defendant "purposely canceled" plaintiff's outside medical appointments not once, but three times. (Id.) Defendant's actions caused plaintiff unnecessary pain and suffering, and now, twelve months later, an ENT specialist determined that due to such delay, plaintiff has a permanent breathing dysfunction in his left nostril as well as a cosmetic deformity. (Id.) Plaintiff contends that defendant did not take reasonably available measures to avoid that risk, making the consequences of her actions obvious. Further, plaintiff claims that his knee is still in pain, and it did not return to normal after his fall because he was not treated correctly because of defendant's animosity toward plaintiff. (Id. at 3.) Plaintiff argues that he was purposely mistreated under defendant's supervision and lack of direction to the nurses she supervises, in violation of plaintiff's Fourteenth Amendment rights. Plaintiff contends that defendant's unprofessional medical treatment resulted in permanent damage.

      3. Defendant's Reply

Defendant argues that unprofessional conduct or mistreatment, without more, does not amount to a constitutional violation. (ECF No. 21 at 2.) Defendant contends that plaintiff's claims that defendant ignored plaintiff or acted out of "spite" are conclusory and insufficient. (Id.) (citing In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008); Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008) (stating court need not "assume the truth of legal conclusions cast in the form of factual allegations.")). Further, defendant argues that even assuming plaintiff's appointments were canceled, his admissions that they were canceled for "unknown" reasons or "with no explanations," undermine that plaintiff has alleged enough facts to state a claim for relief. (ECF No. 21 at 2.)

  C. Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

      1. Governing Standards

A challenge to the court's jurisdiction under Rule 12(b)(1) can be either "facial" or

1  "factual." Courthouse News Serv. v. Planet, 750 F.3d 776, 780 (9th Cir. 2014). "A 'facial' attack
2  asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a
3  'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke
4  jurisdiction, are untrue." Id. at 780 n.3. If the motion to dismiss constitutes a facial attack, the
5  Court must consider the factual allegations of the complaint to be true and determine whether
6  they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343
7  F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is
8  granted only if the nonmoving party fails to allege an element necessary for standing. Spokeo,
9  Inc. v. Robins, 578 U.S. 330, 338 (2016).

10  Article III limits federal court jurisdiction to "cases and controversies." Valley Forge
11  Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471,
12  102 (1982), abrogated in part on other grounds by Bowen v. Kendrick, 487 U.S. 589 (1988). A
13  plaintiff cannot establish a case or controversy if a plaintiff cannot establish standing. Steel Co.
14  v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998). To have Article III standing, a plaintiff
15  must establish: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and
16  (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the
17  challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the
18  injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl.
19  Servs., 528 U.S. 167, 180-81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560
20  (1992)).

21    2. Discussion

22  Because plaintiff proceeds pro se, the Court liberally construes the FAC and resolves all
23  doubts in his favor. See Erickson, 551 U.S. at 94; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.
24  2010) (citations omitted). Liberally construing plaintiff's FAC, the Court finds that plaintiff
25  alleged sufficient facts to establish a case or controversy as to plaintiff's claims that defendant
26  Mencias cancelled plaintiff's appointments with outside specialists on two occasions, despite the
27  prison doctor's order that plaintiff be seen by such specialist. As a result, plaintiff suffered
28  continued pain and suffering, despite his multiple kites and grievances filed in an effort to gain

such medical care. Defendant's alleged interference with plaintiff's serious medical needs constitutes a violation of plaintiff's Fourteenth Amendment due process rights, is fairly traceable to defendant's alleged actions in cancelling the appointments, and such injury can be redressed by a favorable decision. Thus, the Court recommends the motion to dismiss for lack of subject matter jurisdiction be denied.

### D. Alleged Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)

#### 1. Legal Standards: Medical Claims

The Court evaluated plaintiff's inadequate medical care claims under the Fourteenth Amendment applying an objective deliberate indifference standard. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*)). The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1071).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071 (quoted sources omitted)).

Moreover, a defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. Castro, 833 F.3d at 1071 (citations omitted). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070). Therefore, gross negligence, a difference in medical opinion, medical malpractice, or misdiagnosis does not establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001).

That said, a complete denial of medical care is not required to show deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000). Deliberate indifference may be found where prison officials "intentionally interfere with treatment once prescribed." Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999) (internal citation and quotation omitted). Deliberate indifference may be found if defendants "deny, delay, or intentionally interfere with [a prisoner's serious need for] medical treatment." Hallet v. Morgan, 296 F.3d 732, 734 (9th Cir. 2002); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

2. Discussion

    a. Plaintiff's Claim Concerning His Knee (First Claim)

With regard to plaintiff's allegations that defendant violated plaintiff's constitutional rights by ignoring his requests to be seen by an outside specialist for his knee, the Court agrees that plaintiff does not raise sufficient factual allegations concerning the medical treatment for his knee.

A defendant's negligence or "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. Castro, 833 F.3d at 1071 (citations omitted). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070). Therefore, even gross negligence does not establish a constitutional violation. Wood, 900 F.2d at 1334; Thompson, 6 F. App'x at 616.

Plaintiff contends that defendant ignored plaintiff's request to be seen by an outside specialist for injuries sustained to his knee, and that his right knee has worsened over time. But unlike the alleged issues with plaintiff's nose, other than noting he was given Tylenol for his right knee, plaintiff identifies no medical treatment he received at the jail that supported his request to be seen by an outside specialist or any order by a jail physician that plaintiff needed to be seen by an outside specialist for alleged injuries to plaintiff's right knee. For example, plaintiff does not state that an x-ray supported his view that he should be seen by an outside specialist for injuries to his knee.

In his opposition, plaintiff provides no additional facts to support his claim against

8

defendant based on the failure to provide an outside specialist to treat plaintiff's right knee. Rather, he states that he was not treated correctly in the first place. (ECF No. 20 at 2.) However, medical malpractice is insufficient to state a cognizable civil rights claim. See Wood, 900 F.2d at 1334. Further, plaintiff alleges no facts demonstrating defendant was personally involved in treating plaintiff's right knee. Although plaintiff includes general failure to supervise or train allegations as to defendant, such conclusory allegations are insufficient. An individual's supervisory role does not render them liable for the actions of her subordinates under a respondeat superior theory. Ashcroft, 556 U.S. at 675 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (citation omitted)). Supervisors may be held liable only if they "participated in or directed the violations or knew of the violations and failed to act to prevent them." Id.

Thus, the failure of defendant to respond to plaintiff's demands to see an outside specialist for plaintiff's right knee, standing alone, is insufficient to state a cognizable civil rights claim. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). In light of the above, defendant's motion to dismiss plaintiff's first claim should be granted. It is unclear whether plaintiff can allege sufficient facts to support his claim against defendant concerning the failure to provide an outside specialist to treat plaintiff's knee, but in an abundance of caution, plaintiff should be granted leave to amend. In the alternative, plaintiff may choose to voluntarily dismiss his claim concerning his right knee and choose to proceed solely on his claim against defendant based on the failure to provide an outside specialist for treating plaintiff's nose.

      b.  Plaintiff's Claim Concerning His Nose (Second Claim)

The Court finds that plaintiff has alleged sufficient facts to state a Fourteenth Amendment deliberate indifference claim against defendant based on her alleged interference with plaintiff's ability to see a specialist for plaintiff's nose. Plaintiff alleges that a prison nurse and doctor confirmed the unusual medical issue with plaintiff's nose. (ECF No. 8 at 3-4.) The prison doctor

9

told plaintiff he would request plaintiff be seen by an outside ENT specialist. (Id.) Plaintiff was provided at least two appointments with an outside specialist to be seen for plaintiff's nose. However, plaintiff alleges that defendant cancelled plaintiff's appointments with the ENT specialist on two separate occasions. (Id. at 2-3.) Such cancellations took place despite plaintiff's multiple kites and grievances complaining of his constant pain and breathing issues. Liberally construed, such allegations are sufficient to state a cognizable civil rights claim based on defendant's interference with plaintiff's ability to see an outside specialist, which allegedly only defendant could schedule.

In the reply, defendant makes much of plaintiff's repeated reference to defendant having cancelled plaintiff's outside specialist "for unknown reasons." (ECF No. 21 at 1, 2.) However, when plaintiff inquired as to why his appointments with the outside specialist were cancelled, the John Doe nurse informed plaintiff that the scheduled appointments were cancelled "for unknown reasons." (ECF No. 8 at 4.) That plaintiff repeats what he was told by an unnamed nurse is insufficient to rebut an inference that the cancellation of plaintiff's outside specialist appointments interfered with plaintiff's medical care and demonstrates her deliberate indifference.

Thus, defendant's motion to dismiss plaintiff's second claim (nose) should be denied.

E.      Conclusion

For the above reasons, defendant's motion to dismiss under Rule 12(b)(1) for lack of jurisdiction should be denied, and defendant's motion to dismiss under Rule 12(b)(6) should be granted in part. The 12(b)(6) motion should be granted as to plaintiff's first claim (right knee) and denied as to plaintiff's second claim (nose). It is unclear whether plaintiff can amend to state a cognizable Fourteenth Amendment due process claim against defendant in connection with the lack of medical care for plaintiff's right knee, but plaintiff should be granted leave to amend should he have additional facts he can provide as to defendant's involvement in medical treatment for plaintiff's right knee. Plaintiff is not required to amend and may opt to dismiss his claim concerning his right knee.

///

IV.     LEAVE TO AMEND

The Ninth Circuit has held that a district court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegations of other facts. Lopez, 203 F.3d at 1130. Because plaintiff might be able to cure the pleading defects as to the allegations concerning his right knee, dismissal should be granted with leave to amend. Plaintiff is granted leave to file a second amended complaint as to the knee allegation. If plaintiff opts to amend, he should take care to include all relevant facts as to each claim within the section addressing such claim, and include the second claim concerning his nose from his FAC.

Any second amended complaint must show the federal court has jurisdiction, specifically identifying the Constitutional violation alleged, that the action is brought in the right place, and that plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff is encouraged to use the Court's complaint form.

In the second amended complaint, as to each specific claim alleged, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

In other words, plaintiff should allege facts addressing each element of his Fourteenth Amendment claim as to each alleged claim: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances

would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125.

Any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, all prior pleadings are superseded. Thus, if plaintiff opts to file a second amended complaint he should renew his Fourteenth Amendment claim against defendant as to plaintiff's nose (the second claim raised in the first FAC).

As discussed above, plaintiff is not required to amend his complaint, but may choose to dismiss his claim concerning his right knee and opt to proceed solely on his claim against defendant based on her alleged interference with plaintiff's ability to see an outside specialist for plaintiff's nose.

V.     POTENTIAL NEW CLAIM

Plaintiff's opposition included new facts that suggest plaintiff may be attempting to include a retaliation claim which is not plead in the FAC. (ECF No. 20.) For example, plaintiff now claims that defendant "purposely ignored" plaintiff's multiple requests "out of spite due to [plaintiff's] multiple grievances." (Id. at 2.) Also, plaintiff claims that defendant purposely cancelled plaintiff's outside doctor's appointments not twice, but three times. (Id.) In addition to plaintiff's pain and suffering, plaintiff adds that the one year delay in providing plaintiff medical treatment for his nose resulted in a permanent breathing dysfunction to his left nostril as well as a cosmetic deformity. (Id.)

The Court declines to address the merits of a potential retaliation claim because it is not plead in the FAC. See, e.g., Gerritsen v. Warner Bros. Entm't, 116 F. Supp. 3d 1104 (C.D. Cal. 2015) ("As courts routinely recognize, it is improper for a plaintiff to assert an unpled theory of liability in opposition to a defendant's Rule 12(b)(6) motion to dismiss"); Brown v. Martinez, 2015 WL 4730186, *4 (E.D. Cal. Aug. 7, 2015) ("an opposition to a motion to dismiss is not an

appropriate place to raise and argue new claims"); Elizabeth L. v. Aetna Life Insurance Co., 2014 WL 2621408, *4 (N.D. Cal. June 12, 2014) (refusing to consider unpled theories of liability raised for the first time in opposition to defendant's motion to dismiss). Because plaintiff did not include a retaliation claim in the FAC, plaintiff must file a motion to amend in which he seeks leave to add the retaliation claim. Fed. R. Civ. P. 15(a). Any motion to amend must be accompanied by a proposed amended complaint. As discussed above, plaintiff must include all of his claims in any proposed amended complaint. Local Rule 220; see Ramirez, 806 F.3d at 1008.

It is unclear whether plaintiff intended to pursue a retaliation claim, and this Court makes no finding as to whether plaintiff can state a viable retaliation claim against defendant Mencias. Plaintiff is not required to seek leave to amend. In order to assist plaintiff in determining whether he can, in good faith, allege sufficient facts to state a cognizable retaliation claim against defendant Mencias, plaintiff is provided the following standards.

Standards Governing Retaliation Claims: "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff must allege specific facts addressing each of the five elements under Rhodes.

VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case.
2. The Court declines to consider plaintiff's putative retaliation claim raised in his opposition.

Further, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 18) be granted as to plaintiff's first claim

(right knee) and denied as to plaintiff's second claim (nose).

2. Plaintiff be granted leave to file a second amended complaint, unless he chooses to stand on his FAC and pursue claims against defendant based solely upon his allegation that she interfered with plaintiff's medical treatment by cancelling his appointments with outside specialists.

3. Within thirty days from the date of any district court order addressing these findings and recommendations, plaintiff shall file the appended Notice of Election form, and if he opts to file a second amended complaint, the election form should be accompanied by plaintiff's proposed second amended complaint.  Defendant is relieved of the obligation to respond to plaintiff's FAC pending further order of court.

4. The Clerk of the Court be directed to send plaintiff the form for filing a civil rights complaint by a prisoner, as well as a copy of his FAC (ECF No. 8).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 16, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garo2310.mtd.csk

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH GARONE,<br><br>    Plaintiff,<br><br> v.<br><br>GLADYS MENCIAS,<br><br>    Defendant. | No. 2:22-cv-2310 CSK P<br><br><br>NOTICE OF ELECTION |

  After the district judge addresses the findings and recommendations concerning defendant's motion to dismiss (ECF No. 18), plaintiff elects to proceed as follows. (Plaintiff should choose only one of the options below.)

1. _____ Plaintiff opts to stand on his first amended complaint ("FAC") raising Fourteenth Amendment claims against defendant Gladys Mencias based on her alleged interference with medical care for plaintiff's nose, and consents to dismissal of plaintiff's Fourteenth Amendment claim against defendant Mencias based on medical treatment for plaintiff's right knee without prejudice.

**OR**

2. _____ Plaintiff opts to file a second amended complaint adding additional facts in an attempt to state a cognizable Fourteenth Amendment claim against defendant Mencias concerning medical care for plaintiff's right knee.

  (If plaintiff chooses option two, plaintiff must file his proposed second amended complaint along with this completed Notice of Election form. Plaintiff is reminded to include from the FAC his second claim alleging defendant's interference with plaintiff's ability to see an outside specialist for treatment for plaintiff's nose.)

DATED: _____      _____

                       Plaintiff